Receipt # D5083778

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2015 JUL 27 PM 2:47
DEPUTY CLERK RAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH JOHNSON, JR.<br>POST OFFICE BOX 441572<br>FORT WASHINGTON, MD  20749<br><br>Plaintiff,<br><br>Vs.<br><br>ALISON RAE ASHMORE<br>Aka, ALISON RAE NEWHOUSE<br>8340 CABRERA DRIVE<br>DALLAS, TEXAS  75228<br><br>And<br><br>CRAIG WILLIAM BUDNER<br>6506 LAKEHURST AVENUE<br>DALLAS, TEXAS    75230<br><br>Defendants. | §§§§§§§§§§§§§§§§§§§§§§ 3-15CV-2475K<br>CIVIL NO. _____ |

## COMPLAINT

COMES NOW the Plaintiff, Joseph Johnson, Jr., complaining of Defendants, Alison Rae Ashmore and Craig William Budner, individually, and would respectfully show as follows:

### I.   PARTIES

1.   Plaintiff, Joseph Johnson, Jr., is a resident of Prince George's County in Fort Washington, Maryland.

2.   Defendant, Alison Rae Ashmore, aka, Alison Rae Newhouse (hereinafter, "Ashmore") is a citizen and resident of Dallas County in Dallas, Texas and, at all times relevant, engaged in unlawful conduct with co-Defendant, Craig William Budner and others to commit the acts and omissions giving rise to this Complaint.

3.      Defendant, Craig William Budner (hereinafter, "Budner") is a citizen and resident of Dallas County in Dallas, Texas and, at all times relevant, engaged in unlawful conduct with co-Defendant, Ashmore to also commit the acts and omissions giving rise to this Complaint.

## II.   JURISDICTION AND VENUE

4.      This Court has diversity jurisdiction under 28 U.S.C. §1332 in that the parties appear to have true diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of interest and cost.

5.      Venue is proper in this Court pursuant to 28 U.S.C. §1391, *et seq.* in that both of the Defendants reside in this district, and all or a substantial part of Plaintiff's cause of action arose in Dallas County, Texas.

## III.   FACTS COMMON TO ALL COUNTS

Prior to September 9, 2011, Plaintiff had a civil suit pending in the United States District Court, Northern District of Texas, (the "Texas suit"), against ACS Education Solutions, LLC and Affiliated Computer Services, Inc., (collectively, the "Xerox parties"), arising out of the mishandling of certain student loans. Based upon information and belief, the Defendants were hired by the Xerox parties to represent them in the Texas suit.

Sometime on April 22, 2011, Defendants moved for judgment in the Texas suit on behalf of the Xerox parties, and shortly thereafter, on or around August 19, 2011, while said motion was pending, Plaintiff received a telephone call from Defendant, Ashmore who told him that she had a settlement offer from the Xerox parties and that time was really of the essence. Six days later, on August 25, 2011, and while said motion remained pending in the Texas suit, Plaintiff received another telephone call from Defendant, Ashmore.

Defendant, Ashmore, fraudulently purporting to act based on the desires and/or instructions of the Xerox parties, falsely represented to the Plaintiff that the Xerox parties had agreed to pay him $10,950.00 in exchange for him dismissing the Texas suit with prejudice and providing the Xerox parties with a full and complete release of all claims and a covenant not to sue them, or any of their parents, subsidiaries, and/or affiliates for any claims regarding the mishandling of Plaintiff's student loans. Defendant, Ashmore also stated affirmatively in that telephone call that "we have an agreement"; as if it had been authorized by the Xerox parties, when in fact, she knew it had not. Plaintiff also received a signed letter ("Letter Agreement") from Defendant, Ashmore wherein she reiterated the same false representations that she had made to Plaintiff earlier that same day during her telephone conversation. *See*, **Exhibit A**. Defendants told Plaintiff that if he accepted the terms of the Letter Agreement then he should sign and return a copy of the Agreement to Defendant, Ashmore, and that upon signing, the "agreement shall become binding on [Plaintiff] and [the Xerox parties] …" *See*, **Exhibit B**.

Plaintiff accepted the terms of the purported Letter Agreement, executed it and returned it to the Defendants on August 25, 2011. Plaintiff would later discovery to his detriment that the Xerox parties had not authorized the Agreement as a "final, enforceable settlement agreement", that the Defendants were acting outside and beyond the scope of their authority and representation of the Xerox parties when they sent the purported Agreement to the Plaintiff as a final, valid and binding Agreement, that the Defendants had tricked Plaintiff into believing that the Texas suit had been settled pursuant to the Agreement, that on September 9, 2011, an adverse judgment had been entered against him in the Texas suit and that the Xerox parties had refused to ratify the unauthorized Agreement.

As a result of the Defendants' fraudulent conduct, Plaintiff sustained damages.

## IV. STATEMENT OF CLAIMS

Therefore, it has become necessary to bring this suit to collect a legal debt of money damages owing to Plaintiff due to the Defendants' actions. Defendants' actions constitute, among other things, breach of implied warranty of authority.

### COUNT I
### (Breach of Implied Warranty of Authority)

6. At all times relevant, a dispute arose between Plaintiff and the Xerox parties regarding, among other things, the mishandling of certain student loans. Based upon information and belief, the Defendants were hired by the Xerox parties to represent them in the Texas suit.

7. At all times relevant, the Defendants were acting outside of the scope of their authority and beyond the scope of their representation of the Xerox parties, and in doing so, between August 19, 2011 and August 25, 2011, the Defendants repeatedly and fraudulently misrepresented that they had the authority to enter into a valid and enforceable written agreement to contractually bind the Xerox parties to a settlement of the Texas suit, pursuant to which the Defendants falsely asserted that the Xerox parties had agreed to pay the Plaintiff $10,950.00 in exchange for the dismissal of the Texas suit and a covenant not to sue.

8. At all times relevant, when the Defendants made these representations they knew that they lacked the authority to enter into any valid and enforceable agreement to settle the Texas suit on behalf of the Xerox parties, that the Xerox parties had not agreed to pay the Plaintiff $10,950.00 to settle the Texas suit and had not otherwise authorized the agreement. Despite having this knowledge, the Defendants falsely represented to the Plaintiff that they had the authority to make the contract on behalf of the Xerox parties, when no such authority existed.

9. Defendants explicitly warranted that they had the authority to contract to compromise and settle the Texas suit on the terms and for the amount offered on behalf of the Xerox parties in the Letter Agreement. Plaintiff and the Defendants ultimately reached an agreement to settle the Texas suit for $10,950.00.

10. On August 14, 2013, Plaintiff discovered that the Defendants had no authority to act on behalf of the Xerox parties or to enter into, execute or accept the Agreement as a binding, valid and enforceable agreement on behalf of the Xerox parties, that the Agreement was not authorized by the Xerox parties and that the Xerox parties had refused to ratify the Agreement.

11. Based upon the foregoing, the Defendants breached their implied warranty of authority, and as a direct and proximate result, Plaintiff has been damaged and the Defendants are liable to the Plaintiff for breach of implied warranty, *viz.*, that the Defendants had the power to bind the principal.

**COUNT II**
(Fraud/Intentional Misrepresentation)

14. Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this complaint as if set forth at length herein.

14. At all times relevant, the Defendants were acting outside of the scope of their authority and beyond the scope of their representation of the Xerox parties, and in doing so, between August 19, 2011 and August 25, 2011, the Defendants repeatedly and fraudulently misrepresented that they had the authority to enter into a valid and enforceable written agreement to contractually bind the Xerox parties to a settlement of the Texas suit, pursuant to which the Defendants falsely asserted that the Xerox parties had agreed to pay the Plaintiff $10,950.00 in exchange for the dismissal of the Texas suit and a covenant not to sue.

15. Plaintiff justifiably relied upon the Defendants' representations, accepted the terms of the Agreement and executed it on August 25, 2011. The defendants' representation that they had the authority to enter into a valid and enforceable written agreement to contractually bind the Xerox parties to a settlement of the Texas suit and that the Xerox parties had authorized the agreement as a binding, valid and enforceable agreement was a material representation that the Defendants knew was false.

16. The defendants made the false representations for purpose of influencing Plaintiff's decision and fraudulently inducing him to refraining from acting in reliance upon their representations, and Plaintiff in fact did rely with justification upon the misrepresentation, and to his detriment refrained from taking any action to avoid an adverse judgment from being entered against him in the Texas suit.

17. As a result, Plaintiff sustained damages in the form of an adverse judgment and the benefits under the otherwise valid agreement.

## COUNT III
### (Negligence)

18. Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this complaint as if set forth at length herein.

19. At all times relevant, the Defendants were acting outside of the scope of their authority and beyond the scope of their representation of the Xerox parties, and in doing so, between August 19, 2011 and August 25, 2011, the Defendants falsely represented to the Plaintiff that they had the authority to enter into a valid and enforceable written agreement to contractually bind the Xerox parties to a settlement of the Texas suit, pursuant to which the Defendants falsely asserted that the Xerox parties had agreed, among other things, to pay the Plaintiff $10,950.00 in exchange for the dismissal of the Texas suit and a covenant not to sue.

20. The defendants had a duty toward the Plaintiff to exercise reasonable care to avoid foreseeable injury and to refrain from making contracts for which they had not been granted authority to make. Defendants explicitly warranted that they had the authority to contract to compromise and settle the Texas suit on the terms and for the amount offered on behalf of the Xerox parties in the Agreement. Plaintiff and the Defendants ultimately reached an agreement to settle the Texas suit for $10,950.00.

21. On or around August 14, 2013, Plaintiff discovered that the Defendants had no authority to act on behalf of the Xerox parties or to enter into, execute or accept the Agreement as a binding, valid and enforceable agreement on behalf of the Xerox parties, that the Agreement was not authorized by the Xerox parties and that the Xerox parties had refused to ratify the unauthorized Agreement.

22. The defendants were negligent and breached their duty by failing to exercise reasonable care to avoid foreseeable injury to the Plaintiff and by making a contract for which they had not been granted authority to make.

23. As a result, Plaintiff sustained damages in the form of pecuniary losses, consequential and other compensable damages to be proven at trial.

### COUNT IV
(Common Law Fraud and Fraudulent Misrepresentation)

24. Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this complaint as if set forth at length herein.

25. At all times relevant, the Defendants were acting beyond and outside of the scope of their authority, and their conduct constitute fraud and fraudulent misrepresentations under Texas common law.

26. Defendants made material representations to the Plaintiff that were false. When the Defendants made the representations, they either knew that they were false or they made the representations recklessly and without knowledge of the truth.

27. Defendants intended that the Plaintiff act or refrain from acting and rely on their false and material representations. Plaintiff did, in fact, reasonably rely on the Defendants' false and material representations and did so to his detriment.

28. Defendants wrongfully and fraudulently acquired Plaintiff's acquiesce for the dismissal of Texas suit with prejudice by fraudulently tricking him into falsely believing that they had been given the authority to enter into a valid and enforceable written agreement to contractually bind the Xerox parties to a settlement of the Texas suit. The defendants acted intentionally and maliciously for purpose of obtaining a dismissal and an adverse judgment in the Texas suit against the Plaintiff.

29. Plaintiff has suffered damages as a direct and proximate result of the Defendants' fraudulent conduct, and in addition to significant actual damages, Plaintiff also seeks exemplary damages for the Defendants' fraudulent conduct.

## COUNT V
(Civil Conspiracy to Commit Fraud)

30. Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this complaint as if set forth at length herein.

31. At all times relevant, beginning on or around August 19, 2011, and continuing thereafter, the Defendants met, conferred and communicated with each other on a continuous basis and ultimately engaged by agreement and/or understanding to take unlawful actions against the Plaintiff including breach of implied warranty of authority as more fully described above.

32. At all times further relevant, all acts described herein were taken and/or performed by the Defendants outside of and beyond the scope of their authority and for their own personal benefit and/or personal motives.

33. The defendants, and each of them, met, conferred and communicated with each other on a continuous basis and ultimately engaged by agreement and/or understanding to take unlawful and fraudulent actions against the Plaintiff for purpose of tricking the Plaintiff into, among other things, dismissing or obtaining the dismissal of the Texas suit through their intentional misrepresentations, fraudulent and deceptive acts, as more fully described in the preceding paragraphs of this complaint.

34. As a direct result of the conspiracy and the Defendants' wrongful conduct directed towards the Plaintiff, the Plaintiff has suffered actual legal damages, and as more fully described above, the Defendants' actions were and continue to be unlawful. The defendants' conspiracy has been ongoing since on or around August 19, 2011 and Plaintiff continues to suffer emotionally as a direct result of the Defendants' conduct. The conduct of the Defendants has been sufficiently outrageous so as to entitle Plaintiff to an award of punitive damages.

## COUNT VI
(Intentional Infliction of Emotional Distress)

35. Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

36. Defendants deliberately and intentionally engaged in unlawful conduct during the course of their dealings with the Plaintiff. Defendants knew that they lacked the authority to enter into a valid and enforceable written agreement to contractually bind the Xerox parties, and acted beyond and outside of the scope of their authority to cause emotional harm to the Plaintiff.

37. The defendants deliberately and intentionally asserted false representations of material fact and encouraged others, known and unknown, to engage in unlawful conduct to cause emotional harm to be inflicted upon the Plaintiff.

38. All of the Defendants' conduct described in the preceding paragraphs were extreme and outrageous and was done intentionally, recklessly, and in deliberate disregard of a high degree of probability that emotional distress would result to the Plaintiff.

39. The defendants knew that their conduct would or could cause emotional distress upon the Plaintiff, and in fact, it did cause emotional distress upon the Plaintiff. The defendants' conduct was malicious, willful, deliberate and intentional and was done with malice and spiteful for the sole purpose of inflicting severe emotional distress upon the Plaintiff.

40. As a result, Plaintiff has suffered loss of sleep, headaches, severe mental pain, and depression and will continue to suffer, severe and extreme emotional distress including loss of sleep and headaches.

## V. DAMAGES

### A. ACTUAL DAMAGES

Regarding the causes of action and conduct alleged above, Plaintiff sustained pecuniary losses that were proximately caused by the Defendants' conduct. Plaintiff's damages exceed the minimum jurisdictional limits of this Court and are in excess of $75,000.00.

### B. PUNITIVE DAMAGES

Because the Defendants' conduct constitutes fraud and intentional misrepresentation, Plaintiff is entitled to Punitive damages in an amount to be determined at trial.

### C. ATTORNEY'S FEES

Plaintiff is entitled to reasonable attorney's fees necessary to prosecute this action. Texas law recognizes that contingency fees can be reasonable and necessary under the circumstances. Under these circumstances, a reasonable attorney's fee of 40% of the entire recovery should be assessed against the Defendants.

### VII. JURY DEMAND

Plaintiff demands a trial by jury on each and every issue raised herein.

Respectfully submitted,

*/s/ Joseph Johnson, Jr.*
Joseph Johnson, Jr.
Post Office Box 441572
Fort Washington, MD   20749
(240) 605-9921

EXHIBIT A



**K&L|GATES**

K&L Gates LLP
1717 Main Street
Suite 2800
Dallas, TX 75201-7342

T 214.939.5500   www.klgates.com

August 25, 2011

Alison R. Ashmore
D 214.939.5976
F 214.939.5849
alison.ashmore@klgates.com

**Via e-mail (jjohnson531@gmail.com), Federal Express, and CMRRR #7003 2260 0007 5811 7579**

Joe Johnson, Jr.
2600 Brinkley Road PH 1005
Fort Washington, MD 20744

Re:   *Johnson v. Affiliated Computer Services, Inc. and ACS Education Solutions, LLC*, Civil Cause No. 3:10-CV-2333, in the United States District Court for the Northern District of Texas

### CONFIDENTIAL SETTLEMENT COMMUNICATION

Mr. Johnson,

Per my telephone conversations with you of today, it is our understanding that the above-referenced lawsuit has settled under the following terms (in addition to those terms ordinarily attendant):

1. Defendants will make a one-time total payment to you of $10,950.00, all of which, except $350.00, will be used to make a payment by you on the outstanding balance of your student loans within thirty (30) calendar days of the date on the check;

2. In exchange for the payment by Defendants, you will provide a full and complete release of any and all claims you may have against ACS, ACSES, and all of their parents, subsidiaries, and affiliates and you agree to never sue ACS, ACSES, or any of their parents, subsidiaries, and/or affiliates for any alleged claims regarding the handling of your student loans;

DA-3202522 v1

**K&L|GATES**

Joe Johnson, Jr.
August 25, 2011
Page 2

3. The agreement shall be confidential, except the agreement may be disclosed as necessary to enforce the agreement in a court of law or other proceeding; and

4. The pending lawsuit shall be dismissed with prejudice as to both ACS and ACSES, for a final resolution of the above-referenced lawsuit.

If this does not accurately state the material terms to which our clients have agreed, please contact me immediately so that we can discuss any issues.

I will prepare the Confidential Settlement Agreement that memorializes the terms of our agreement in further detail.

Very truly yours,

*/s/ Alison R. Ashmore*

Alison R. Ashmore

AGREED as set forth above:

*/s/ Joseph Johnson, Jr.*
Joseph Johnson, Jr.

EXHIBIT B



**K&L|GATES**

K&L Gates LLP
1717 Main Street
Suite 2800
Dallas, TX 75201-7342

T 214.939.5500    www.klgates.com

August 24, 2011

Alison R. Ashmore
D 214.939.5976
F 214.939.5849
alison.ashmore@klgates.com

**Via e-mail (jjohnson531@gmail.com), Federal Express,
and CMRRR #7006 3450 0003 6178 7904**

Joe Johnson, Jr.
2600 Brinkley Road PH 1005
Fort Washington, MD 20744

Re:   *Johnson v. Affiliated Computer Services, Inc. and ACS Education Solutions, LLC,* Civil Cause No. 3:10-CV-2333, in the United States District Court for the Northern District of Texas

### CONFIDENTIAL SETTLEMENT COMMUNICATION

Mr. Johnson,

I received your settlement letter dated August 22, 2011, which I passed on to my clients for their consideration. Your letter goes in to great detail regarding your position, which has been stated numerous times, and to which I do not believe it is necessary to respond in detail here. It suffices to state that Defendants disagree with your position. The documents ACSES produced to you in this case readily show that all of your claims are without merit. ACSES fulfilled any alleged obligations it had to the U.S. Department of Education. All paperwork that ACSES received from you was properly handled without delay or interference. The Secretary of Education clearly disagreed with your assessment that you "established" that "[you] were enrolled in a training program that specifically and exclusively prepared [you] for employment as a paralegal" when he denied your request for discharge. The fact that your request was denied by the Secretary is not evidence of interference with your request by Defendants.

Nevertheless, Defendants would like to avoid expending further time and expense in litigation and are therefore interested in reaching a settlement agreement with you. Defendants ACS and ACSES offer the following terms of settlement:

DA-3201320 v1

Case 3:15-cv-02475-K-BF   Document 3   Filed 07/27/15   Page 17 of 19   PageID 21

K&L|GATES

Joe Johnson, Jr.
August 24, 2011
Page 2

1. Defendants will make a one-time payment to you of $6,275. Of that amount, $5,275 must be paid by you on the outstanding balance of your student loans within thirty (30) calendar days of the date on the check. The remaining $1,000 is yours to keep and spend as you see fit (which may include coverage of your out-of-pocket expenses in the litigation);

2. In exchange for the payment by Defendants, you will provide a full and complete release of any and all claims you may have against ACS, ACSES, and all of their parents, subsidiaries, and affiliates and you shall promise never to sue ACS, ACSES, or any of their parents, subsidiaries, and/or affiliates for any alleged claims regarding the handling of your student loans;

3. The agreement shall be confidential, except the agreement may be disclosed as necessary to enforce the agreement in a court of law or other proceeding; and

4. The pending lawsuit shall be dismissed with prejudice as to both ACS and ACSES.

If you accept these terms, please sign below and return a copy of this letter to me. Upon your signing, this agreement shall become binding on you and Defendants and the above terms shall be memorialized in further detail among the parties in a Confidential Settlement Agreement.

This offer shall remain open until 2:00 pm (central time) on Thursday, August 25, 2011.

Very truly yours,

*[signature]*

Alison R. Ashmore

JS 44-TXND (Rev. 12/12)                                  **CIVIL COVER SHEET**                         3-15CV-2475K

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Joseph JOHNSON, Jr.
Post Office Box 441572
Fort Washington, MD  20749

**(b)** County of Residence of First Listed Plaintiff    Prince George's
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

### DEFENDANTS
Alison Rae Ashmore, 8340 Cabrera Drive, Dallas, TX  75228
and
Craig William Budner, 6506 Lakehurst Avenue, Dallas, TX  75230

County of Residence of First Listed Defendant    Dallas
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
        THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

RECEIVED JUL 27 2015 CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability |  |  | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property |  / **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  |  / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 448 Education / ☐ 555 Prison Condition |  |  |  |
|  |  / ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

### V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Breach of Implied Warranty of Authority

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.    **DEMAND $**  75,000.00    CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

### VIII. RELATED PENDING OR CLOSED CASE(S) IF ANY
*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE  07/24/2015    SIGNATURE OF ATTORNEY OF RECORD  *Joseph Johnson, Jr.*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

