UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH JOHNSON, JR., | § | |
| Plaintiff, | § | |
| v. | § | No. 3:15-CV-2475-K (BF) |
| ALISON RAE ASHMORE and | § | |
| CRAIG WILLIAM BUDNER, | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Alison Rae Ashmore ("Ashmore") and Craig William Budner's ("Budner") (collectively, "Defendants") Motion to Dismiss [ECF No. 9]. For the following reasons, the undersigned respectfully recommends that the District Court GRANT Defendants' Motion to Dismiss [ECF No. 9].

### BACKGROUND

This case arises from Plaintiff's prior civil suit against ACS Education Solutions, LLC and Affiliated Computer Services, Inc. (collectively, "ACS") filed in the Northern District of Texas, *Johnson v. Affiliated Computer Services, Inc.*, No. 3:10-CV-2333-B. In that lawsuit, Plaintiff alleged that "Defendants knowingly and willfully interfered with the Plaintiff's statutory and contractual right to obtain a discharge of the loans with the U.S. Department of Education for the sole purpose of obtaining a financial gain at the Plaintiff's expense." *See* 2d Am. Compl. [ECF No. 47 at 32; No. 3:10-CV-2333-B]. Plaintiff alleges in this lawsuit that Defendants, in their capacity as counsel for ACS in the prior lawsuit, made misrepresentations in connection with the settlement of that lawsuit. *See* Am. Compl. [ECF No. 8 at 2-3]. Plaintiff alleges that Ashmore falsely represented to Plaintiff that ACS agreed to pay Plaintiff $10,950.00 in exchange for Plaintiff's dismissal of the prior lawsuit

and an agreement not to sue ACS for any claims arising from the mishandling of his student loans. *See id.* [ECF No. 8 at 2]. Plaintiff contends that Ashmore stated during a telephone call that the parties had a settlement agreement while knowing that they did not. *See id.* [ECF No. 8 at 3]. Plaintiff also states that he was told by Defendants to sign a Letter Agreement signed by ACS and return it to Ashmore if he accepted the terms set forth in the Letter Agreement. *See id.* [ECF No. 8 at 3]. Plaintiff contends that he signed the Letter Agreement and returned it to Defendants on August 25, 2011, but the prior lawsuit was dismissed with prejudice by the District Court on September 9, 2011. *See id.* [ECF No. 8 at 3]; Mem. Op. & Order [ECF No. 68; No. 3:10-CV-2333-B]. Plaintiff contends that he subsequently learned that ACS never authorized the Letter Agreement and that Defendants were acting beyond the scope of their authority when they represented to him that the parties had a settlement agreement. *See* Am. Compl. [ECF No. 8 at 3]. Subsequent to the dismissal of the prior lawsuit, Plaintiff filed post-judgment motions wherein he argued that he entered into an enforceable settlement agreement with ACS and that Defendants committed fraud or misconduct by failing to file a stipulated dismissal prior to the entry of Judge Boyle's order dismissing his claims. *See* Mots. [ECF Nos. 71 at 2, 78-1 at 3; No. 3:10-CV-2333-B]. Judge Boyle denied these motions. *See* Orders [ECF Nos. 82, 84; No. 3:10-CV-2333-B]. Plaintiff appealed the denials of his requests for relief with the United States Court of Appeals for the Fifth Circuit. *See* Notice of Appeal [ECF No. 87; No. 3:10-CV-2333-B]. On December 7, 2012, the Fifth Circuit affirmed the District Court's judgment and stated that the District Court "properly denied [Plaintiff's] Rule 60 motion to vacate the judgment." *See* Op. [ECF No. 98 at 3; No. 3:10-CV-2333-B]; J. [ECF No. 99; No. 3:10-CV-2333-B].

On May 16, 2012, Plaintiff filed another lawsuit in the District Court of Maryland for Prince

George's County against ACS, Ashmore, and K&L Gates, LLP, alleging that Ashmore and K&L Gates, LLP fraudulently deprived him of his settlement. *See* Defs.' Br. [ECF No. 10 at 9]; Defs.' Ex. 13 [ECF No. 11-13 at 11]. That case was transferred to the Circuit Court of Maryland for Prince George's County and dismissed on August 7, 2013. *See* Defs.' Br. [ECF No. 10 at 9]. In dismissing the case, the Maryland court held that Plaintiff was collaterally estopped from re-litigating the issues that have already been ruled on by the Northern District of Texas. *See* Defs.' Br. [ECF No. 10 at 9]. Upon Plaintiff's appeal, the Maryland court of appeals held that *res judicata* barred Plaintiff's claims because his claims were "part of the same transaction as his post-judgment requests for relief in the Texas action[,] . . . [and] amounts to a collateral attack on the validity of the Texas judgment on the grounds of fraud." *See* Defs.' App. [ECF No. 11-7 at 19].

On April 7, 2014, Plaintiff filed his Amended Petition in the 191st Judicial District Court of Dallas County, Texas, again alleging that Defendants fraudulently deprived him of an opportunity to obtain a settlement in the prior litigation. *See* Defs.' Br. [ECF No. 10 at 10]; Defs.' App. [ECF No. 11-8 at 22]. On May 1, 2014, Plaintiff filed a notice of non-suit dismissing without prejudice his claims against Defendants in that lawsuit. *See* Defs.' App. [ECF No. 11-9 at 2]. On July 27, 2015, Plaintiff filed the instant action alleging again that Defendants fraudulently deprived him of his opportunity to settle in the prior lawsuit. *See* Compl. [ECF No. 3 at 2-3]; Am. Compl. [ECF No. 8 at 2-3]. On September 4, 2015, Defendants filed their Motion to Dismiss arguing that Plaintiff's claims are barred by the doctrines of *res judicata* and collateral estoppel, because Judge Boyle previously rejected Plaintiff's fraud allegations against Defendants regarding the same alleged settlement. *See* Mot. to Dismiss [ECF No. 9 at 1].

## **STANDARD OF REVIEW**

### Rule 12(b)(6)

A court may dismiss a complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) if the complaint, when viewed in a light most favorable to the plaintiff, fails to state a valid claim for relief. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). In considering a Rule 12(b)(6) motion to dismiss, the court takes as true all facts pleaded in the complaint, even if they are doubtful in fact. *See id.* A court, at this juncture, does not evaluate a plaintiff's likelihood of success, but only determines whether a plaintiff has stated a legally cognizable claim. *See United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). In resolving a Rule 12(b)(6) controversy, the Court may examine: (1) the complaint and documents attached to the complaint; (2) documents attached to the motion to dismiss to which the plaintiff refers and are central to the plaintiff's claims; and (3) matters of public record. *See Herrera v. Wells Fargo Bank, NA*, No. H-13-68, 2013 WL 961511, at *2 (S.D. Tex. Mar. 12, 2013) (citing *Lone Star Fund V (U.S.), LP v. Barclays Bank, PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994); *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003); *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011)). "[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). "If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall v. Hodgkins*, 305 F. App'x 224, 228 (5th Cir. Dec. 23, 2008) (citing *Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

*Res Judicata*

"Under the law of this circuit, claim preclusion, or pure *res judicata*, is the venerable legal canon that insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits." *Proctor & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 (5th Cir. 2004) (internal quotation marks and citation omitted). "*Res judicata* applies where (1) the parties to both actions are identical (or at least in privity); (2) the judgment in the first action is rendered by a court of competent jurisdiction; (3) the first action concluded with a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits." *Id.* (internal quotation marks and citation omitted). *Res judicata* "precludes the relitigation of claims which have been fully adjudicated or arise from the same subject matter, and that could have been litigated in the prior action." *Palmer v. Fed. Home Loan Mortg. Corp.*, No. 4:13-CV-430-A, 2013 WL 2367794, at *2 (N.D. Tex. May 30, 2013) (citing *Nilsen v. City of Moss Point*, 701 F.2d 556, 561 (5th Cir. 1983)). A court "may *sua sponte* dismiss an action on *res judicata* grounds when the elements of the defense are apparent on the face of the pleadings." *Kelton v. Deutsche Bank Nat'l Trust Co.*, No. 4:14-CV-991-A, 2014 WL 7175242, at *1 (N.D. Tex. Dec. 16, 2014) (citing *Kansa Reinsurance Co.*, 20 F.3d at 1366). "In making such a ruling, the court may take judicial notice of the record in a prior related proceeding." *Id.* (citing *Ariz. v. Cal.*, 530 U.S. 392, 412 (2000)).

## ANALYSIS

Defendants argue that the doctrine of *res judicata* precludes this lawsuit because (1) Defendants are in privity with the defendants in the prior lawsuit, having served as their counsel; (2) Judge Boyle ruled on the claims at issue in this lawsuit, namely claims asserting that Defendants committed fraud/misconduct in connection with the settlement in the prior lawsuit; and (3) a final

judgment on the merits was rendered by Judge Boyle which was then affirmed by the Fifth Circuit. *See* Defs.' Br. [ECF No. 10 at 15-17]. The undersigned agrees with Defendants' argument that this lawsuit should be dismissed on *res judicata* grounds. The fact that Defendants were not named as defendants in the prior lawsuit does not preclude the application of *res judicata*, because Defendants are in privity with the defendants named in that lawsuit. *See Plotner v. AT&T Corp.*, 224 F.3d 1161, 1169 (10th Cir. 2000) ("There is no meaningful dispute that the 'identity of the parties' element is satisfied. . . . The law firm defendants appear by virtue of their activities as representatives of Green and AT & T, also creating privity. . . . [F]or *res judicata* purposes privity exists between a party and its attorneys[.]" (citing *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1235 n.6 (7th Cir. 1986))). Moreover, the claims in the present lawsuit are based on the same nucleus of operative facts as in the prior lawsuit. *See Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 664-65 (5th Cir. 1994) ("Federal law determines the preclusive effect of a prior federal judgment; that law provides that *res judicata* shall bar a subsequent action when a prior action involving the same parties and the same cause of action reached final judgment on the merits in a court of competent jurisdiction. . . . We have adopted a transactional test for determining whether two complaints involve the same cause of action. Under this approach, the critical issue is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts. If the factual scenario of the two actions parallel, the same cause of action is involved in both. The substantive theories advanced, forms of relief requested, types of rights asserted, and variations in evidence needed do not inform this inquiry." (internal quotation marks and citations omitted)). In addition, Plaintiff's Rule 60(b) motion based on fraud/misconduct by Defendants during the parties' settlement negotiations in the prior lawsuit was denied by Judge Boyle, Plaintiff

appealed that ruling, and the Fifth Circuit affirmed Judge Boyle's judgment and stated in its opinion that Judge Boyle "properly denied [Plaintiff's] Rule 60 motion to vacate the judgment." *See* Mot. for Relief from J. [ECF No. 71 at 2; No. 3:10-CV-2333-B]; Order Denying Mot. for Relief from J. [ECF No. 82; No. 3:10-CV-2333-B]; Notice of Appeal [ECF No. 87; No. 3:10-CV-2333-B]; Op. [ECF No. 98 at 3; No. 3:10-CV-2333-B]; J. [ECF No. 99; No. 3:10-CV-2333-B]. Therefore, a final judgment on the merits was rendered by a court of competent jurisdiction. *See Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382, 384 n.2 (5th Cir. 1978) ("Denial of a Rule 60(b) motion is a final, appealable order." (citing *Cromelin v. Markwalter*, 181 F.2d 948, 948 (5th Cir. 1950)); *Thomas v. Thistledown, Inc.*, No. 1:05-CV-2138, 2009 WL 3172881, at *9 (N.D. Ohio Sept. 29, 2009) ("Thomas asserts that a Rule 60(b) motion should not be given preclusive effect under the doctrine of collateral estoppel because it is not a final judgment. Thomas is simply incorrect-it is well-settled that '[t]he denial of a Rule 60(b) motion is a final judgment.'" (quoting *Kersh v. Am. Heart of Mich., Inc.*, 76 F. App'x 648, 649 (6th Cir. 2003))). Therefore, this case should be dismissed.[1]

---

1. Because the undersigned finds that this case should be dismissed on *res judicata* grounds, the undersigned pretermits consideration of Defendants' remaining arguments for dismissal.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the District Court **GRANT** Defendants' Motion to Dismiss [ECF No. 9].

**SO RECOMMENDED**, this 8 day of June, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. See *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).